UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROBERT A. LIVINGSTON,

        Plaintiff,

v.                                                              Case No. 5:04-cv-260-Oc-10GRJ

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.
_____/

## AMENDED REPORT AND RECOMMENDATION[1]

On December 13, 2005 the Court issued its Report and Recommendation (Doc. 18), recommending that Plaintiff's Petition For Attorney's Fees (Doc. 16) be granted, except for Plaintiff's request for payment of 2.6 hours of attorneys fees for services performed by Ronald Watson, co-counsel for Plaintiff. In its original Report and Recommendation the Court denied Plaintiff's request for Mr. Watson's fees because Plaintiff had failed to file a complete and detailed schedule of hours in a sworn affidavit. Plaintiff has now filed an Objection (Doc. 19) to the Report and Recommendation, which includes the Declaration And Schedule Of Hours Of Ronald Watson. Because the only relief the Plaintiff has requested in its Objection is a request for the Court to remand the matter to the undersigned to consider the Watson Declaration and Schedule of Hours, the Court determines that the most expeditious course of action is to withdraw the Report and Recommendation and construe Plaintiff's Objection as a motion for

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

reconsideration. Accordingly, the Court's previously issued Report and Recommendation (Doc. 18) is hereby **WITHDRAWN and VACATED** and is replaced by this Amended Report and Recommendation.

## **DISCUSSION**

On August 9, 2005, the Court entered an order adopting the Report and Recommendation of the undersigned (Doc. 14), and directing the Clerk to enter Judgment reversing and remanding this cause to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 15.) Accordingly, Plaintiff is the prevailing party in this litigation. The Commissioner does not challenge the Plaintiff's representation that the Commissioner's position in the underlying action was substantially justified. Furthermore, Plaintiff has satisfied the other requirements for an award of EAJA fees.[2]

Plaintiff requests that the Court award attorney's fees in the amount of $3,057.05 and award him the expenses and costs in this action. In support of his petition, Plaintiff has submitted the declaration of Sarah H. Bohr, Plaintiff's counsel,[3] and the schedules of hours for Sarah H. Bohr and Chantal J. Harrington, the attorney in Ms. Bohr's firm who prepared the brief in support of Plaintiff's position, as well as the recently filed Declaration And Schedule Of Hours Of Ronald Watson. (Doc. 19, Ex. A.)

---

[2] Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

[3] Plaintiff seeks an award of attorney fees for his three attorneys, Ronald H. Watson, Chantal Harrington, and Sarah H. Bohr.

The Commissioner objects to the number of hours requested by Plaintiff's counsel in two respects.  First, the Commissioner objects to the attorney's fees requested for the services of Ronald Watson - the attorney who represented the Plaintiff in the administrative proceedings. Second, the Commissioner objects to a portion of Ms. Bohr's hours for preparing the fee petition in this case.  The Commissioner does not object, however, to an award of $42.58 for expenses and an award of $150.00 for costs.

Accordingly, the only disputed issue for resolution by the Court is whether the number of hours requested by Plaintiff's counsel were necessary and are reasonable for the work performed in this case. The Plaintiff must establish his entitlement to attorney's fees by documenting "the appropriate hours and hourly rates"[4] in order to show the reasonableness of the fees requested.   "[T]he measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed."[5] The Court can reduce the number of hours billed if those hours are excessive, redundant or otherwise unnecessary.[6]

The Court has carefully reviewed each time entry in the petition, as well as the entire file and concludes that the requested fees are reasonable and were necessary.

---

[4] Norman v. Housing Auth., 836 F.2d 1292, 1303 (11th Cir.1988).

[5] *Id.* at 1306; *see also* ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir.1999)("If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary.  Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.")(internal quotations omitted).

[6] *Norman*, 836 F.2d at 1301 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).

### *Ronald H. Watson's Hours*

With regard to the hours performed by Plaintiff's attorney, Ronald H. Watson, the Court finds that all of the requested hours were for services performed that were reasonable and necessary. Mr. Watson represented the Plaintiff in the administrative proceedings and was the counsel who filed the complaint in this Court. Mr. Watson continued to represent the Plaintiff in this case, as the only counsel of record until November, 2004. The docket reflects that co-counsel Chantal Harrington of Bohr & Harrington, LLC did not enter an appearance in this case until November 5, 2004. Therefore, as Plaintiff's sole counsel of record until November 5, 2004, Mr. Watson is entitled to an award of fees for the reasonable and necessary services he performed prior to this date. The Court has reviewed the Declaration And Schedule of Hours and determines that the 1.9 hours requested for the services performed by Mr. Watson (for the time prior to November 5, 2004), which includes time incurred reviewing and finalizing the complaint, summons and other documents to initiate this action and time incurred for performing other routine services normally performed in the early stages of a social security case, were reasonable and necessary and are, therefore, compensable.

With respect to the hours for services performed by Mr. Watson from November 5, 2004, the Court also determines that these hours, which total 1.1 hours, were reasonable and necessary. Contrary to the assertion of the Commissioner these hours are not duplicative or excessive. For example, while the brief filed with the Court was prepared by Chantal Harrington - and not by Mr. Watson - it is, nonetheless, reasonable to expect that Mr. Watson, who represented Plaintiff in the agency

proceedings, would review the final draft of the brief prepared by co-counsel to insure that the arguments advanced by Plaintiff were consistent with the record. Moreover, it is also to be expected that Mr. Watson would have some measure of routine communication with co-counsel during the course of the case and that such time is compensable so long as both counsel were not billing for the same time. As such, the .3 hours Mr. Watson billed for reviewing the draft of the brief before it was filed and the .3 hours billed by Mr. Watson for communicating with co-counsel are reasonable and necessary. Moreover, with regard to the other time billed by Mr. Watson for his services - such as .1 hour for a phone conference with his client and several time entries of .1 hours for review of letters and a notice from the Social Security Administration - the Court determines that these services were necessary and the time billed was more than reasonable. Simply because Mr. Watson was co-counsel in this case does not preclude Plaintiff from recovering the attorney's fees incurred by Mr. Watson,[7] so long as the fees were reasonable and necessary.

Therefore, for the reasons discussed above, the Court concludes that the services performed by Mr. Watson were reasonable and necessary and, accordingly, Plaintiff is entitled to recover attorney's fees for the 2.6 hours of services performed by Mr. Watson on this case.

---

[7] *Norman*, 836 F.2d at 1302 ("There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer.")

### *Sarah H. Bohr's Hours*

The other disputed item of attorney's fees concerns the two hours of attorney's fees requested by Ms. Bohr for preparation of the EAJA petition. For the following reason the Court concludes that Ms. Bohr's services were reasonable and necessary.[8]

While the Court generally grants only one hour of billable time for preparing a petition for attorney's fees in cases where the fees are not disputed, the request for one additional hour in this case is not unreasonable. The schedule of hours submitted by Ms. Bohr includes one half hour preparing correspondence to counsel for the Commissioner and only one and a half hours for preparing the EAJA petition. In view of the fact that counsel was required to communicate with counsel for the Government regarding the requested fees and recognizing that the Commissioner objected to a portion of the requested fees, it was not unreasonable for Ms. Bohr to spend two hours devoted to the issue of EAJA fees. Accordingly, the Court concludes that the two hours requested by Sarah H. Bohr were reasonable and necessary and should be included in the award of fees in this case.[9]

In sum, the Court concludes that the reasonable amount of billable time to be awarded shall be as follows:

---

[8] Plaintiff can recover attorney fees for time spent in preparation of this fee litigation, Jean v. Nelson, 863 F.2d 759, 780 (11th Cir. 1988), but the Court retains discretion in determining what constitutes a reasonable amount of time for the attorney to spend in such preparation. *Id.* at 771.

[9] The Court's conclusion in this case that an award of two hours for preparing the fee petition does not mean that the expenditure of two hours is reasonable in every social security case. The Court is still of the opinion that in most social security cases, where there are no disputed issues regarding fees, one hour to prepare the petition should be the normal benchmark.

| Attorney | Time | Rate | Total |
|---|---|---|---|
| Ronald H. Watson | 2004: 2.4 hours<br>2005: 0.2 hours | 2004: $151.65/hr<br>2005: $155.35/hr | 2004: $363.96<br>2005: $31.07<br>Total: $395.03 |
| Chantal Harrington | 2004: 15.3 hours<br>2005: 0.2 hours | 2004: $151.65/hr<br>2005: $155.35/hr | 2004: $2,320.25<br>2005: $31.07<br>Total: $2,351.32 |
| Sarah H. Bohr | 2005: 2 hours | 2005: $155.35/hr | 2005: $310.70<br>Total: $310.70 |
|  |  |  | **TOTAL FEES:** $3057.05 |

## II. RECOMMENDATION

It is, therefore, respectfully **RECOMMENDED** that the Plaintiff's Petition for Attorney Fees (Doc. 16) be **GRANTED** and that Plaintiff be awarded the sum of $3,057.05 for attorney fees, $42.58 for expenses, and $150.00 for costs for a total award of $3,249.63. The award of $150.00 for costs should be payable from the judgment fund.

**IN CHAMBERS** in Ocala, Florida, on January 4, 2006.

GARY R. JONES
United States Magistrate Judge

Copies to:

    The Honorable Wm. Terrell Hodges
    Senior United States District Judge

    Counsel of Record